IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

WILLIAM MCCALLISTER,

      Plaintiff,

v.                                  CASE NO. 2:09-cv-00719

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income ("SSI"), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, William McCallister (hereinafter referred to as "Claimant"), filed an application for SSI on February 1, 2006, alleging disability as of December 25, 1995[1], due to low back and hip pain, migraine headaches, anxiety, depression, panic attacks, nervous condition, carpal tunnel, breathing problems, muscle spasms and problems reading and writing. (Tr. at 115-17, 120.) The claim was denied initially and upon reconsideration. (Tr. at 74-78, 90-

---

[1] Claimant filed previous applications, which were denied and not appealed. Because these decisions were final and Claimant had not requested reopening within the statutory two-year reopening period, the ALJ considered Claimant's condition from the date of his current application, January 31, 2006, forward. (Tr. at 8.)

92.)  Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 82.)  The hearing was held on December 18, 2007, before the Honorable Andrew J. Chwalibog.  (Tr. at 25-54.)  By decision dated March 3, 2008, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 8-24.)  The ALJ's decision became the final decision of the Commissioner on April 24, 2009, when the Appeals Council denied Claimant's request for review.  (Tr. at 1-3.)  On June 25, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 416.920 (2008).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. § 416.920(b).  If

2

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2008).  The Commissioner must show two things:  (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in

3

substantial gainful activity since the alleged onset date. (Tr. at 10.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease of the spine areas (status/post lumbar fusion, T10 through L3, December 1995), depression, anxiety and borderline intellectual functioning. (Tr. at 11.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by an occasional ability to climb, balance, stoop, crouch, kneel and crawl, a need to avoid concentrated exposure to extreme vibrations, temperature extremes and workplace hazards, a moderate limitation in a number of areas of mental functioning and an ability to complete simple, routine tasks that involve limited contact with others and is in an object focused setting. (Tr. at 16.) Claimant has no past relevant work experience. (Tr. at 22.) The ALJ concluded that Claimant could perform jobs such as hand packer, assembler, bench work laborer and mail addresser, which exist in significant numbers in the national economy. (Tr. at 23.) On this basis, benefits were denied. (Tr. at 24.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was

defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was thirty-two years old at the time of the administrative hearing. (Tr. at 29.) Claimant completed the tenth grade and attained his GED. (Tr. at 30.) Claimant has no relevant past work experience. However, at the time of the hearing, Claimant was in a work release program and had been working as a telemarketer for about a month. (Tr. at 29-30.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant injured his back in late 1995 when he fell off the roof of his camper. (Tr. at 202-03, 353.) Claimant underwent back surgery with placement of two metal rods in his back. (Tr. at 353-54.) In 1997, Claimant sustained a subdural hematoma after a hit in the head during an altercation. (Tr. at 202, 350.) On January 24, 2000, David L. Weinsweig, M.D., who performed Claimant's back surgery, saw Claimant for complaints of chronic back pain. There were no focal deficits on examination. Dr. Weinsweig recommended that Claimant obtain his GED. He noted Claimant was depressed. (Tr. at 358.) A CT scan of the spine in 2003, showed chronic L1 compression fracture fixed by spinal rods with no complication obvious. (Tr. at 184.)

During the relevant time period after January 31, 2006, and around that time period, the evidence of record indicates that on January 26, 2006, Gregory A. Elkins, M.D. completed a West Virginia Department of Health and Human Resources, General Physical (Adults). Dr. Elkins diagnosed chronic back, neck and leg pain, anxiety, depression and personality disorder. He opined that Claimant could not perform full time work because of psychiatric problems. (Tr. at 187-88.)

6

On May 8, 2006, a State agency medical source completed a Physical Residual Functional Capacity Assessment and opined that Claimant could perform light work, with occasional postural limitations, and a need to avoid concentrated exposure to extreme heat, cold and hazards.  (Tr. at 192-99.)

On May 12, 2006, Robert G. Martin, M.A. conducted a consultative mental examination at the request of the State disability determination service.  Mr. Martin diagnosed personality disorder, not otherwise specified with schizoid and avoidant features on Axis II and made no Axis I diagnosis.  (Tr. at 205.) Claimant's social skills were moderately impaired.  His immediate memory and remote memory were within normal limits, while his recent memory was moderately deficient.  Attention and concentration were mildly deficient.  Task, persistence and pace were within normal limits.  (Tr. at 206.)

On May 31, 2006, a State agency medical source completed a Mental Residual Functional Capacity Assessment on which he opined that Claimant was moderately limited in the ability (1) to work in coordination with or proximity to others without being distracted by them; (2) to interact appropriately with the general public; (3) to accept instructions and respond appropriately to criticism from supervisors; and (4) to respond appropriately to changes in the work setting.  (Tr. at 208-09.)

On May 31, 2006, the same State agency medical source

completed a Psychiatric Review Technique form on which he opined that Claimant had moderate difficulties in maintaining social functioning, but mild or no limitation in the remaining three areas of functioning.  (Tr. at 212-25.)

The record includes treatment notes and other evidence from Gregory D. Chaney, M.D.  (Tr. at 228-34.)  On July 27, 2006, x-rays of the lumbar spine showed spinal rodding and that the most inferior hooks at L3 did not appear well seated.  There was approximately 20% volume loss.  (Tr. at 232.)  A bone scan on the same date was normal.  (Tr. at 233.)  On September 25, 2006, Claimant underwent a lumbar MRI that showed moderate left central proximal foraminal L5-S1 disc protrusion causing abutment of the proximal L5 nerve root, an old compression fracture of L1 and degenerative changes and post-surgical changes.  (Tr. at 229.) On September 25, 2006, Dr. Chaney wrote on a prescription pad that Claimant was "totally & permanently disabled unable to work."  (Tr. at 228.)

On September 27, 2006, a State agency medical source completed a Physical Residual Functional Capacity Assessment and opined that Claimant could perform medium work with an occasional ability to climb, balance, stoop, kneel and crawl and a need to avoid concentrated exposure to extreme cold, vibration and hazards.  (Tr. at 235-42.)

On September 29, 2006, a State agency medical source completed

8

a Psychiatric Review Technique form on which he opined that Claimant had moderate difficulties in maintaining concentration, persistence and pace and mild or no difficulties in the remaining three areas of functioning.  (Tr. at 243-56.)

On September 29, 2006, a State agency medical source completed a Mental Residual Functional Capacity Assessment on which he opined that Claimant was moderately limited in the ability (1) to understand, remember and carry out detailed instructions; (2) to maintain attention and concentration for extended periods; (3) to work in coordination or proximity to others without being distracted by them; (4) to interact appropriately with the general public; and (5) to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  (Tr. at 257-58.)

The record includes treatment notes and other evidence from Pruntytown Correctional Center dated 2006 through 2008.  (Tr. at 266-348.)  Claimant was treated for GERD, hypertension, asthma and anxiety, and back pain, among other things, by Dr. Chaney and others.  Nerve conduction studies during this time period were performed on both lower extremities and were within normal limits. (Tr. at 322.)  Needle examination showed muscle tension artifact in the lumbar paraspinous muscles.  (Tr. at 322.)  Claimant attempted suicide in early January of 2007, and physicians discontinued his Prozac.  (Tr. at 339.)  On January 24, 2007, Claimant indicated he

was no longer feeling suicidal and was feeling much better without

Prozac. (Tr. at 342.)

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not

supported by substantial evidence because (1) the ALJ erred in

rejecting Claimant's credibility; and (2) the ALJ failed to give

proper consideration to the opinions of Drs. Chaney and Elkins.

(Pl.'s Br. at 5-9.)

The Commissioner argues that the ALJ's decision is supported

by substantial evidence because (1) the ALJ correctly found that

Claimant's credibility was "poor"; and (2) the ALJ properly

considered the medical opinion evidence of record. (Def.'s Br. at

11-15.)

The court finds that the ALJ's decision is supported by

substantial evidence. In particular, substantial evidence supports

the ALJ's pain and credibility findings, which are consistent with

the applicable regulation, case law and social security ruling

("SSR") and are supported by substantial evidence. 20 C.F.R. §

416.929(b) (2008); SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig

v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The ALJ concluded

that Claimant had a medically determinable impairment that could

reasonably be expected to produce his alleged symptoms. (Tr. at

19.) The ALJ proceeded to the second step in the pain analysis,

and his decision contains a thorough consideration of Claimant's

daily activities, the location, duration, frequency, and intensity of Claimant's pain, precipitating and aggravating factors and Claimant's medication.   (Tr. at 17-18.)

The ALJ ultimately determined that Claimant's credibility was poor.   The ALJ provided the following reasons, among others, for rejecting Claimant's credibility:   (1)   there   are   noted inconsistencies in the record, including that Claimant stopped working four years prior to the date on which he alleged he became totally disabled due to an accident; (2) Claimant found a doctor on the internet to prescribe Xanax, Lortab, Neurontin, Zantac and a sleeping pill; (3) there is incomplete and inconsistent information regarding Claimant's past drug use; (4) Claimant engages in daily activities, including making his bed, taking his laundry to the laundry room and, one month prior to the hearing, he began working part-time as a telemarketer surveyor in a work release program; (5) there is minimal medical evidence of record during the relevant time period; and (6) a recent MRI shows post surgical and degenerative lumbar disc disease but no compromise of rod placement and that neurological examination has been normal.   (Tr. at 19-21.)

While Claimant asserts that an "unbiased review" of Claimant's "objectively quantified back condition leads one to conclude that the debilitating pain alleged by the Plaintiff is both reasonable and likely" (Pl.'s Br. at 6), the substantial evidence of record supports the ALJ's determination, made in compliance with

11

applicable case law and regulations, that Claimant's credibility is poor.

Next, Claimant argues that the ALJ erred in the weight afforded the opinions of Dr. Chaney, Claimant's treating physician, and Dr. Elkins, an examining physician. Claimant contends that, at a minimum, the ALJ should have made an inquiry of Drs. Chaney and Elkins for clarification of their opinions that Claimant is unable to engage in work activity. (Pl.'s Br. at 8-9.)

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 416.927(d)(2) (2008). Thus, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. § 416.927(d)(2) (2008).

Under § 416.927(d)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion. Section 416.927(d)(3), (4), and (5) adds the factors of supportability (the more evidence, especially medical signs and laboratory findings, in support of an opinion,

12

the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty). Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." § 416.927(d)(2).

Under § 416.927(d)(1), more weight generally is given to an examiner than to a non-examiner. Section 416.927(d)(2) provides that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources). The Fourth Circuit Court of Appeals has held that "a non-examining physician's opinion cannot by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record." Martin v. Secretary of Health, Education and Welfare, 492 F.2d 905, 908 (4th Cir. 1974); Hayes v. Gardener, 376 F.2d 517, 520-21 (4th Cir. 1967). Thus, the opinion "of a non-examining physician can be relied upon when it is consistent with the record." Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986).

The court finds that the ALJ properly weighed the medical opinion evidence of record, and his findings are supported by substantial evidence. In his decision, the ALJ explained that he

13

considered the opinions of Drs. Chaney and Elkins, but that their opinions of total disability are "conclusory statements which are lacking support by the objective and diagnostic evidence of record ...." (Tr. at 21.) The ALJ further noted that the ultimate decision on disability is one to be decided by the ALJ and that the opinions of Drs. Chaney and Elkins "appear to have relied heavily on the claimant's subjective complaints of pain, for which there exists reason to question ...." (Tr. at 21.) As a result, the ALJ did not find these opinions persuasive. Instead, as to Claimant's physical impairments, he relied on the most restrictive opinions of the State agency medical sources, who opined that Claimant could perform light work with an occasional ability to climb, balance, stoop, kneel, crouch, and crawl and a need to avoid concentrated exposure to temperature extremes, vibrations and workplace hazards. (Tr. at 21.)

The ALJ did not err in relying on the opinions of the nonexamining sources instead of those of Dr. Chaney or Dr. Elkins. The ALJ's reasons for rejecting these opinions are in keeping with the applicable regulation and caselaw cited above. Dr. Elkins was a one-time examiner whose opinion was not well supported. While there are treatment notes and other evidence from Dr. Chaney indicating Claimant has severe impairments, his conclusory statement that Claimant is disabled is not supported by objective and diagnostic evidence and, as the Commissioner points out, Dr.

14

Chaney provided no specific work-related limitations. Based on the evidence of record related to Claimant's severe back and mental impairments, the ALJ significantly limited Claimant, who was just thirty-two years old at the time of the administrative hearing. Finally, the ALJ was not obligated to recontact Drs. Chaney or Elkins. The regulation related to recontacting medical sources states that such is required only when the information is "inadequate for us to determine whether you are disabled." 20 C.F.R. § 416.912(e) (2008). The evidence of record from the above sources was adequate, and supports the ALJ's ultimate determination that Claimant is not disabled.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is AFFIRMED and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: June 23, 2010

Mary E. Stanley
United States Magistrate Judge

15